**Glenn BECKENDORFF, in his Official Capacity as Waller County Judge, Frank Pokluda, in his Official Capacity as Waller County Precinct Two Commissioner, and Stan Kitzman, in his Official Capacity as Waller County Precinct Four Commissioner, Appellants**

v.

**CITY OF HEMPSTEAD, Texas, Citizens Against the Landfill in Hempstead, Pintail Landfill, LLC, and Waller County, Texas, Appellees**

NO. 01–15–00523–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued June 23, 2016

David A. Carp, for appellant.

Elton Mathis, Eric C. Farrar, V. Blayre Pena, Terry L. Scarborough, Wesley P. McGuffey, for Appellee.

Panel consists of Justices Jennings, Massengale, and Huddle.

## OPINION

Michael Massengale, Justice

This is an attempted appeal from an agreed final judgment against Waller County and its commissioners court. The putative appellants held positions on commissioners court at the time of trial, but after a jury rendered its verdict, their terms expired and they were replaced in office. Subsequently, the case was settled by their successors, and the trial court signed a final judgment. Dissatisfied with the settlement, the former officials then

filed notices of appeal, purportedly in their official capacities associated with the offices they formerly held.

Because the former officials lack the official capacity that they claim for purposes of appealing the judgment, we dismiss the appeal.

## Background

The City of Hempstead filed suit against Waller County and the members of the Waller County Commissioners Court, each individually named but sued only in their official capacities. The dispute related to the proposed creation of a landfill on a site that partially overlaps the city's extraterritorial jurisdiction.[1] Pintail Landfill LLC, the waste disposal company engaged to construct and operate the landfill, was named as a co-defendant, and Citizens Against the Landfill in Hempstead ("CALH") intervened as a plaintiff. At the time the suit was filed and during the ensuing trial, Glen Beckendorff served as Waller County Judge, Frank Pokluda served as Commissioner for Waller County Precinct 2, and Stan Kitzman served as Commissioner for Waller County Precinct 4.

The case was tried to a jury, which rendered its verdict on December 18, 2014. Among other things, the jury found that the Waller County Commissioners Court deliberated non-legal matters in a closed meeting, relating to both Waller County Ordinance No.2013–001 (authorizing disposal of solid waste within Hempstead's extraterritorial jurisdiction) and an agreement between the county and Pintail regarding the proposed landfill. In three separate questions, the jury also specifically found that Judge Beckendorff, Commissioner Pokluda, and Commissioner Kitz-

---

1. We previously decided a pretrial interlocutory appeal arising from this case. *See Waller County v. City of Hempstead,* 453 S.W.3d 73, 74 (Tex.App.–Houston [1st Dist.] 2014, pet. denied).

man each "failed to comply" with a legal requirement relating to public information.[2]

Because Judge Beckendorff did not seek re-election, and because Commissioners Pokluda and Kitzman lost their elections, all three of them no longer served as officers of Waller County effective January 1, 2015. On that date, a new county judge and new commissioners for precincts 2 and 4 were sworn into office.

The parties to the lawsuit subsequently reached a settlement agreement, and they filed a joint motion for entry of an agreed final judgment. The agreed final judgment (1) voided the challenged Waller County ordinance; (2) voided the agreement between Waller County and Pintail; and (3) required Waller County to pay attorney's fees to Hempstead and CALH. The document stated: "The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1." The agreed final judgment was signed by attorneys for all parties, including the "Waller County Defendants" identified as "Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities." The trial court signed the agreed final judgment.

Former county judge Beckendorff filed a notice of appeal, purportedly "in his offi-

cial capacity as Waller County Judge." Former commissioners Pokluda and Kitzman subsequently filed a similar notice of appeal in which Pokluda purported to appeal "in his official capacity as Waller County Precinct Two Commissioner" and Kitzman purported to appeal "in his official capacity as Waller County Precinct Four Commissioner."

## Analysis

Waller County, Hempstead, and CALH each filed motions to dismiss this appeal because the putative appellants are no longer members of the Waller County Commissioners Court. Among other legal arguments, the motions argue that Beckendorff, Pokluda, and Kitzman lacked the official capacity in which they claimed to file their notices of appeal. A party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *See, e.g., Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996).

Although each former officeholder purports to pursue this appeal "in his official capacity," it is undisputed that each of them no longer held office effective January 1, 2015. The notices of appeal were filed after that date, at a time when they were no longer officials of Waller County

---

**2.** With respect to each, the jury was asked to determine whether he "failed to comply with any of the following":

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

and thus had no "official capacity." The former officials' lack of authority is further demonstrated by a resolution of the Waller County Commissioners Court, filed in this court in support of Waller County's motion to dismiss, which stated as follows:

> WHEREAS, following the verdict of the jury of December 18, 2014 in case entitled, *City of Hempstead and Citizens Against the Landfill in Hempstead v. Waller County, Texas, et al.*; Cause No. 13–03–21872, all parties filed a Joint Motion for Entry of Agreed Final Judgment; and

> WHEREAS in the Agreed Final Judgment signed on February 20, 2015, all parties to the suit represented that they had reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court; and

> WHEREAS the Commissioners Court of Waller County, Texas finds that the Judgment was final and disposed of all claims and parties and became binding; and

> WHEREAS a Notice of Appeal from the Agreed Final Judgment was then filed on April 2, 2015 by Glenn Beckendorff, purporting to be in his official capacity as Waller County Judge; and

> WHEREAS Frank Pokluda and Stan Kitzman both purporting to be in their official capacities as Commissioner Precinct 2, and Commissioner Precinct 4, respectively, joined in the Notice of Appeal filed by Glenn Beckendorff; and

> WHEREAS, the appellants Glenn Beckendorff, Frank Pokluda, and Stan Kitzman have no authority and standing to appeal the Agreed Final Judgment because appellants have ceased to hold office after December 31, 2014; and

> WHEREAS, the Commissioners Court of Waller County, Texas has given no authorization to pursue an Appeal of the Agreed Final Judgment, and

> WHEREAS, the Commissioners Court does not seek to disturb the Agreed Final Judgment reached with all parties in the original suit;

> NOW THEREFORE, BE IT RESOLVED, that Waller County acting by and through its Commissioners Court respectfully requests that the Court of Appeals ... dismiss the current pending matter entitled, *Glenn Beckendorff, in his Official Capacity as Waller County Judge, et al. v. City of Hempstead, et al. . . . .*

This court requested a response to the motions to dismiss. In the response, little was offered in the way of argument. The entire substance of that response was:

> It is not disputed that Appellants Beckendorff, Kitzman and Pokluda were sued in an official capacity and all ceased to continue to perform in their official capacities in which they had been sued as of an election which was held prior to January 1, 2015.

> However, an alleged Agreed Final Judgment did not automatically substitute officers as per Tex. R. App. P. 7.2(a). (See the alleged Agreed Final Judgment, which can be found at Vol. 200 pg. 154 of the Waller County Civil Minutes.) Jury Question Nos. 7–9 which were attached to the "Agreed Final Judgment" failed to show any questions which found any need for the findings of fact and conclusions of law. And thus they were precluded to need or use same for settlement.

This response reflects the apparent gravamen of this attempted appeal, the former officials' dissatisfaction that the dispute was settled by their successors, and that the jury charge and verdict (which mentioned them by name), were attached to the final judgment. Nevertheless, the fi-

nal judgment imposes no obligations on the former officials in their individual capacities. And while Beckendorff, Kitzman, and Pokluda allude to a perceived failure to formally "substitute officers" as parties to the trial court proceeding, the final judgment generically references "the elected officials of the Waller County Commissioners Court, in their official capacities." The only mention of the former officeholders by name appears in the jury verdict attached to the final judgment, which as matters of historical fact accurately reflected both that Beckendorff, Pokluda, and Kitzman were named parties at the time of trial and that the jury was asked questions about their individual conduct.

We express no opinion about the merits of the former officials' complaints about the post-trial procedures followed with respect to the settlement of the case and the entry of an agreed final judgment with the jury verdict attached. The former officials, acting in their individual capacities, had procedural tools available to object to perceived defects affecting them, such as a motion to intervene in the trial court in their individual capacities, see TEX. R. CIV. P. 60, and the availability of mandamus review if they were adversely affected by the trial court's abuse of its discretion under circumstances leaving them no possibility of appeal. We simply hold that, having been divested of their official authority at the expiration of their terms in office, they then lacked official capacity to appeal from the final judgment.[3] Their notices of appeal, relying upon empty claims of authority based on the official capacities of current officeholders, were factually inaccurate. Beckendorff, Kitzman, and Pokluda claim no other basis of

authority to pursue their attempted appeal.

## Conclusion

In light of the undisputed facts that former county judge Beckendorff, former commissioner Pokluda, and former commissioner Kitzman lack the "official capacity" each claimed as authority to file a notice of appeal, we hold that as a matter of law, they likewise lacked the necessary capacity to appeal from the judgment. The motions to dismiss this appeal are granted. See TEX. R. APP. P. 42.3(a). All other pending motions are denied.

Justice Jennings, dissenting.

Terry Jennings, Justice, dissenting.

The majority errs in granting the motions of appellees, City of Hempstead ("Hempstead"), Texas, Citizens Against the Landfill in Hempstead ("CALH"), and Waller County, Texas, to dismiss the appeal of appellants, Glenn Beckendorff, former Waller County Judge, Frank Pokluda, former Waller County Precinct Two Commissioner, and Stan Kitzman, former Waller County Precinct Four Commissioner. Accordingly, I respectfully dissent.

The majority concludes that appellants lack the capacity, i.e., the personal qualifications, to challenge the trial court's judgment because they "no longer h[o]ld office" and their "notices of appeal were filed ... at a time when [they] were no longer officials of Waller County and thus had no 'official capacity.'" And it holds that "having been divested of their official authority at the expiration of their terms in office, the appellants thereafter lack official capacity to appeal from the final judgment."

---

**3.** Because Beckendorff, Kitzman, and Pokluda lost their official capacity to represent Waller County while this case was still pending in the trial court and before the initiation of any appeal, Appellate Rule 7.2(a), providing for the automatic substitution of an officer as party in an official capacity to an appeal, has no application.

In reaching its conclusion and holding, the majority misconstrues appellants' appeal as a challenge to the substance and entirety of the trial court's judgment—an "Agreed Final Judgment" based upon a settlement agreement by the "parties to the lawsuit." The majority asserts that appellants' challenge is based on their "[d]issatisf[action] with the settlement."

I agree that appellants do not have either standing, i.e., a justiciable interest, or the capacity, i.e., the personal qualifications, to challenge, on behalf of Waller County, the substance and entirety of the trial court's judgment. They are in fact no longer Waller County officials. However, appellants are not attempting to challenge, on behalf of Waller County, the substance and entirety of the trial court's judgment.[1] Rather, alternative arguments aside, they are only challenging the trial court's judgment to the extent that it erroneously names them as parties "in their official capacit[ies]." See TEX. R. APP. P. 43.2 ("The court of appeals may ... (a) affirm the trial court's judgment in whole or in part; (b) modify the trial court's judgment and affirm it as modified; [or] (c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered....").

As appellants succinctly state: "The primary relief sought by [them] is the substitution of parties.... [Appellants'] names should have been substituted [with the names of] the newly elected officials in any documents created and entered related to this matter after [appellants] left office." And in their first issue, appellants clearly contend that

[t]he trial court erred in failing to grant Appellants' Motion to Strike/Dismiss the former Commissioners as parties to the suit.

Given the undisputed facts, it is readily apparent that the trial court did err in not granting appellants' motion. And, to the extent that appellants are simply seeking the substitution of parties, to which they are entitled as a matter of law, they have both standing and the capacity to assert their challenge to the trial court's judgment on appeal to this Court.

## Background

On December 18, 2014, a jury rendered a verdict in favor of Hempstead and CALH in their suit for declaratory and injunctive relief against appellants. On December 31, 2014, Beckendorff's term as county judge expired, and he was succeeded in office by Carbett "Trey" J. Duhon III. Pokluda's and Kitzman's terms as county commissioners also expired at that time, and they were succeeded in office by Russell Klecka and Justin Beckendorff, respectively.

Two weeks later, on January 12, 2015, Hempstead and CALH moved for entry of judgment on the jury's verdict against "Waller County, Texas; Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman, in their official capacities as County Commissioners for Waller County, Texas; and Pintail Landfill, LLC [ ("Pintail") ] (collectively, "Waller County")." And Hempstead set the motion for a hearing on January 21, 2015. The rec-

---

1. Appellants assert, "*If* [this] Court holds that they are proper parties, *then* they must attack the Agreed Final Judgment as void." (Emphasis added.) And in such "alternative" case, the trial court erred in "overruling [their] objections to the jury charge"; denying their plea to the jurisdiction and motion for judgment notwithstanding the verdict; "granting the Joint Motion to Enter the Agreed Final Judgment"; and "entering the Agreed Final Judgment."

ord shows that appellants' counsel proposed resetting the hearing, along with certain briefing deadlines, in order to "adequately brief [his] clients, the newly elected Waller County Commissioners Court, on the[ ] issues." The parties agreed, each noting that there remained "issues still to be decided by the [trial court] (ETJ, sufficiency/adequacy of notice, and remedies/judgment to be entered given the jury verdict)."

On January 16, 2015, Waller County moved to strike "former Waller County Judge Glenn Beckendorff, former Waller County Commissioner Frank Pokluda, and former Waller County Commissioner Stan Kitzman as parties" to the suit because they were "no longer members of the Waller County Commissioners Court and h[e]ld no official capacity with Waller County, Texas." To the motion, it attached the affidavit of Waller County Clerk Debbie Hollan, who testified that, "[a]s of January 1, 2015," the "duly elected" and "serving County Judge of Waller County, Texas, is the Honorable Carbett "Trey" Duhon III; "serving County Commissioner—Precinct 2 of Waller County, Texas, is the Honorable Russell Klecka"; and "serving County Commissioner—Precinct 4 of Waller County, Texas, is the Honorable Justin Beckendorff."

On February 20, 2015, Hempstead, CALH, Pintail, and Waller County, purportedly including "Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman in their official capacities as County Commissioner for Waller County, Texas, (collectively "Waller County")," filed a "Joint Motion for Entry of Agreed Final Judgment," in which they represented that "the Parties ha[d] entered into

settlement negotiations and ha[d] reached a settlement agreement for entry of an agreed final judgment, resolving all issues in this lawsuit, except any claim, defense, or assertion" regarding the validity of the ordinance and permit, and the Pintail facility.[2]

The trial court then signed an "Agreed Final Judgment," in which it found that plaintiffs, Hempstead and CALH, and "[d]efendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively, "Waller County")," had reached a settlement agreement "concerning the jury verdict and the remaining legal and factual issues pending before the Court." The trial court "render[ed]" judgment voiding "Waller County Ordinance No.2013–001" and the "Host Agreement" between Waller County and Pintail. And it ordered Waller County to pay attorneys' fees of $245,000 and $325,000 to Hempstead and CALH, respectively. The trial court excluded from its adjudication "any issue concerning any claim, defense, or assertion" that "has been or may in the future be raised" regarding a certain ordinance, permit application, and facility relating to Pintail.

Further, the trial court, in its judgment, "incorporated for all purposes" and attached for "reference" the "charge of the Court," in which it defined "Waller County" as "the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler." Subsequently, Beckendorff, "in his official capacity as Waller County Judge," later joined by Pokluda and Kitzman, each "in his official capacity as Waller County ... Commissioner," appealed

---

**2.** Beckendorf, Pokluda, and Kitzman dispute that they participated in any such settlement agreement or the "Joint Motion for Entry of Agreed Final Judgment."

the trial court's judgment in the same manner in which they were named in the judgment.

## Standing and Capacity

In their first issue, appellants argue that the trial court "erred in not granting [their] Motion to Dismiss/Strike the Former Commissioners as parties to the suit" because they were sued "in their official capacities" on behalf of Waller County and, "[o]nce they left office, the newly elected officials should have been substituted in." Appellees, in their motions to dismiss the appeal, argue that appellants lack standing and capacity because they are no longer the elected officials of Waller County.

The Texas Supreme Court has explained that the issue of standing "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex.2005) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1559, at 441 (2d ed.1990)). It previously distinguished between these two threshold requirements as follows:

A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.

*Id.* at 848–49 (quoting *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996)); *see also* 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1559, at 441 ("Capacity has been defined as a party's personal right to come into court, and

should not be confused with the question of whether a party has an enforceable right or interest.").

In its judgment, the trial court expressly defines, by reference to the jury charge, which it attached and incorporated "for all purposes," the "[d]efendants" (appellants) as the former officials in their official capacities. And there is no mention in the judgment of the successor county judge and commissioners, who were actually in office at the time the judgment was rendered. When, as here, a document is incorporated into another by reference, both instruments must be read and construed together. *See In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex.2007); *Hooker v. Nguyen*, No. 14–04–00238–CV, 2005 WL 2675018, at *3 (Tex.App.–Houston [14th Dist.] Oct. 20, 2005, pet. denied) (mem.op.) (construing trial court's judgment incorporating jury charge).

Although appellants, in their "official capacities," were in fact parties in the trial court when the jury returned its verdict against them in November 2014, they had ceased to hold their offices by the time the trial court rendered its February 2015 "Agreed Final Judgment," which was based on the "settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court." Thus, the trial court rendered a judgment against appellants as former officials in their "official capacities" after they, as the majority states, "no longer held office" and "at a time that they were no longer officials of Waller County."

Generally, a trial court may not enter a judgment against a party not before it. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687–88 (Tex.1991). "Civil suits may be maintained only by or against parties having an actual or legal existence." *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex.1995), *disapproved on other grounds,*

*Chilkewitz v. Hyson,* 22 S.W.3d 825, 830 (Tex.1999). Such lack of jurisdiction constitutes fundamental error, which we are obligated to notice when it is apparent from the face of the record. *Estate of C.M. v. S.G.,* 937 S.W.2d 8, 10 (Tex.App.–Houston [14th Dist.] 1996, no writ). To the extent that the trial court's judgment is against appellants in their "official capacities" as *former* officials, the judgment is void. *See Supak v. Zboril,* 56 S.W.3d 785, 793–95 (Tex.App.–Houston [14th Dist.] 2001, no pet.) ("[A] judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." (quoting *Kubena v. Hatch,* 144 Tex. 627, 193 S.W.2d 175, 177 (1946))); *see also Estate of C.M.,* 937 S.W.2d at 10–11, 10 n. 2 (reversing portion of judgment against estate where "no legal entity" existed as defendant).

Further, that a suit against a public official is brought against the position occupied, and not against the official himself, is demonstrated by well-established procedural rules that provide for automatic substitution when an official leaves office and is succeeded by another. *See, e.g.,* Fed. R. CIV. P. 25(d)(1); Fed. R. App. P. 43; Tex. R. App. P. 7.2; *see also Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 844 (Tex.2007) (suit against governmental official in his official capacity "is not a suit against the official personally, for the real party in interest is the entity"); *Winograd v. Clear Lake City Water Auth.,* 811 S.W.2d 147, 162 (Tex.App.–Houston [1st Dist.] 1991, writ denied).

For example, under Federal Rule of Civil Procedure 25(d), if a public officer, which includes federal, state, and local officials, is replaced during the pendency of a lawsuit in a trial court, the official's successor in office is automatically substituted as a party and the proceedings continue in the name of the substituted party. *See* FED. R. CIV. P. 25(d) & advisory committee's note to 1961 amend.; *see also* Fed. R. App. P. 43(c)(1). The successor is automatically substituted as a party without an application or showing of need to continue the action. *See* FED. R. CIV. P. 25(d) advisory committee's note to 1961 amend. The rule applies to any action brought in form against a named officer, but intrinsically against the government or the office; against an officer to compel performance of official duties; or to obtain judicial review of an officer's orders. *Id.* It also applies to actions to prevent officers from acting in excess of their authority or under authority not validly conferred. *Id.* And it applies whether declaratory or injunctive relief is sought. *Id.* The rules effectuating automatic substitution of public officials are "specifically designed to prevent suits involving public officers from becoming moot due to personnel changes." *Id.* (citing *Karcher v. May,* 484 U.S. 72, 74, 83, 108 S.Ct. 388, 391, 395, 98 L.Ed.2d 327 (1987)). "Where [a] successor does not intend to pursue the policy of his predecessor which gave rise to the lawsuit, it will be open to him, *after substitution,* ... to seek to have the action dismissed as moot or to take other appropriate steps to avert a judgment or decree." *See* Fed. R. Civ. P. 25(d) advisory committee's note to 1961 amend. (emphasis added).

Also, in Texas appellate courts,

[w]hen a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party. Proceedings following substitution are to be in the name of the substituted party, but any misnomer that does not affect the sub-

stantial rights of the parties may be disregarded. An order of substitution may be entered at any time, but failure to enter an order does not affect the substitution.

Tex. R. App. P. 7.2(a).

Although Texas does not have a rule providing for *automatic* substitution of public officers at the trial court level, substitution was, as discussed above, necessarily required to avoid rendering a void judgment. Although Waller County and appellants, prior to the entry of the trial court's judgment, moved to strike/dismiss appellants from the suit and for substitution of their successors, no ruling on their motion appears in the record, and the trial court failed to substitute their successors into its judgment. Because appellees brought their suit against appellants as governmental officials acting in their "official capacities," and this is not a suit against appellants "personally," the real defendant in this case, in regard to appellants, is Waller County. *See Koseoglu,* 233 S.W.3d at 844. Once appellants ceased to hold their public offices as county judge and commissioners of Waller County, the trial court should have substituted their successors as parties in their stead. Thus, the trial court necessarily and fundamentally erred in denying appellant's Motion to Dismiss/Strike them as parties to the suit.

Moreover, because appellants, as erroneously named parties, have "a sufficient relationship with the lawsuit so as to have a 'justiciable interest' " in it, they, contrary to appellees' assertions, have standing to bring this appeal. *See Lovato,* 171 S.W.3d at 848. And appellants also have the capacity, i.e., the "personal qualifications," to challenge the trial court's erroneous inclusion of them as parties to this litigation after they ceased to be Waller County officials. *See id.*

Accordingly, I would deny appellees' motion to dismiss this appeal, address and sustain appellants' first issue, and modify the trial court's judgment to substitute appellants' successors in office in place of appellants as the proper parties to the judgment. *See* Tex. R. App. P. 43.2(b). In denying appellants their ability to make their appellate challenge and obtain the relief to which they are legally entitled, the majority unnecessarily creates a classic Catch–22, which, if allowed to stand, will serve to preclude all similarly-situated former public officials from seeking the appellate remedy of having their names removed from lawsuits after they have ceased to be parties.